| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>Denise Carlon, Esquire<br>KML Law Group, PC<br>216 Haddon Avenue, Suite 406<br>Westmont, NJ 08108<br>Bayview Loan Servicing, LLC as servicer for THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWALT, INC., ALTERNATIVE LOAN TRUST 2007-HY3 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HY3 | Order Filed on November 9, 2017 by Clerk, U.S. Bankruptcy Court - District of New Jersey<br><br>Case No:   17-24151 SLM<br><br>Hearing Date: November 7, 2017<br><br>Judge: Stacey L. Meisel |
| In Re:<br>Kyu Hong Choi<br><br>        DEBTOR(S), | |

| Recommended Local Form: | ☐ Followed | ☐ Modified |
|---|---|---|

## ORDER VACATING STAY

The relief set forth on the following page is hereby ordered **ORDERED**.

**DATED: November 9, 2017**

*/s/ Stacey L. Meisel*
Honorable Stacey L. Meisel
United States Bankruptcy Judge

Upon the motion of <u>Bayview Loan Servicing, LLC as servicer for THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWALT, INC., ALTERNATIVE LOAN TRUST 2007-HY3 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HY3</u> under Bankruptcy Code section 362(a) for relief from the automatic stay as to certain property as hereinafter set forth, and for cause shown, it is

ORDERED that the automatic stay is vacated to permit the movant to institute or resume and prosecute to conclusion one or more actions in the court(s) of appropriate jurisdiction to pursue the movant's rights in the following:

■   Real Property More Fully Described as:

   **Land and premises commonly known as 847 Tequesta Drive, Franklin Lakes NJ 07417**

☐   Personal Property More Fully Describes as:

It is further ORDERED that the movant, its successors or assignees, may proceed with its rights and remedies under the terms of the subject mortgage and pursue its state court remedies including, but not limited to, taking the Property to Sheriff's Sale, in addition to potentially pursuing other loss mitigation alternatives, including, but not limited to, a loan modification, short sale or deed-in-lieu foreclosure.  Additionally, any purchaser of the property at sheriff's sale (or purchaser's assignee) may take any legal action for enforcement of its right to possession of the property.

It is further ORDERED that the movant may join the debtor and any trustee appointed in this case as defendants in its action(s) irrespective of any conversion to any other chapter of the Bankruptcy Code.

The movant shall serve this order on the debtor, any trustee and any other party who entered an appearance on the motion.